J. SCOTT GERIEN, State Bar No. 184728
JOY L. DURAND, State Bar No. 245413
DICKENSON, PEATMAN & FOGARTY
1455 First Street, Suite 301
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff
JAM CELLARS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JaM Cellars, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>Rubin Wines LLC, Purple Wine Company, LLC, and DOES 1 through 10.<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT**<br><br>1. **Federal Trademark Infringement**<br>2. **Federal Unfair Competition**<br>3. **California Unfair Competition**<br>4. **California False or Misleading Statements**<br>5. **Common Law Trademark Infringement**<br>6. **Common Law Unfair Competition**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, JaM Cellars, Inc. ("JaM" or "Plaintiff"), for its complaint against Defendants, Rubin Wines LLC ("Rubin"), Purple Wine Company, LLC ("Purple") and DOES 1 through 10 (collectively "Defendants"), alleges as follows:

## NATURE OF ACTION

1. This is an action to redress violations of the federal Lanham Act for infringement of a federally registered trademark (15 U.S.C. §1114), federal unfair competition (15 U.S.C. §1125(a)), California unfair competition (Cal. Bus. & Prof. Code §17200), the dissemination of false and misleading statements (Cal. Bus. & Prof. Code §17500) and common law trademark infringement and unfair competition, as the result of willful and

COMPLAINT                                1

unauthorized use by Defendants of colorable imitations of Plaintiff's trademark, as more fully set forth hereinafter. Plaintiff seeks preliminary and permanent injunctive relief restraining Defendants' infringement of Plaintiff's trademark, monetary damages, attorneys' fees and related relief.

## THE PARTIES

2. Plaintiff, JaM Cellars, Inc., is a California corporation with its principal place of business located at 1085 Thompson Street, Napa, California 94558.

3. Upon information and belief, Defendant, Rubin Wines LLC, is a California limited liability company with its principal place of business located at 5220 Ross Road, Sebastopol, California 95472.

4. Upon information and belief, Defendant, Purple Wine Company, LLC, is a California limited liability company with its principal place of business located at 9119 Graton Road, Graton, California 95444.

5. Plaintiff is unaware of the true names or capacities, be they individual, member, investor, partner, joint-venturer, co-conspirator, or otherwise, of the Defendants named herein as DOES 1 through 10, and each of them, and therefore sues said Defendants by such fictitious names and will amend this Complaint to show their true names and capacities when the same have been ascertained.

6. Upon information and belief, at all times herein mentioned, each of the Defendants was the agent of each of the other Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of his, her or its Co-Defendants.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiff's claim under and pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a), as the claims arise under the federal Lanham Act, 15 U.S.C. §§1116-1127. This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).

///

8. Upon information and belief, Defendants, either directly or through their agents, transacted business in the State of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected their acts to have consequence in the State of California and within this judicial district.

9. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Defendants are doing business in this judicial district and therefore may be found in this district, and/or as a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and/or the infringement occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

10. Pursuant to Civil Local Rule 3-2(c) this is an intellectual property matter which is to be assigned on a district-wide basis.

## ALLEGATIONS COMMON TO ALL CLAIMS

11. Plaintiff is the owner of the trademark BUTTER for wine as well as the owner of incontestable U.S. Trademark Registration No. 3,999,253 for BUTTER for wine in International Class 33, issued on July 19, 2011 with constructive rights dating back to April 11, 2010 (the "BUTTER Mark"). Plaintiff has used the BUTTER mark on and in association with wine since as early as 2010, long prior to the acts of Defendants complained of herein.

12. Plaintiff's BUTTER Mark for wine is not descriptive when used in association with wine and therefore is inherently distinctive.

13. Plaintiff produces a California Chardonnay wine under the BUTTER Mark. BUTTER wine is offered for sale in forty-eight (48) states, including the state of California. Since, 2010, Plaintiff has sold over six million (6,000,000) bottles of BUTTER wine nationwide. In 2016 alone, Plaintiff sold over three million (3,000,000) bottles of BUTTER wine.

14. Since 2010, Plaintiff's dollar sales of its BUTTER wine have been in excess of fifty-three million dollars ($53,000,000). In 2016, Plaintiff's sales of its BUTTER wine were in excess of twenty-six million dollars ($26,000,000).

COMPLAINT 3

15. In 2016, Plaintiff produced over ten million (10,000,000) bottles of BUTTER wine with a retail value of over one hundred fifty million dollars ($150,000,000).

16. According to Nielsen U.S. Food/Drug/Liquor 52 weeks report ending December 2016, Plaintiff's BUTTER wine is the #2 selling Chardonnay in the United States.

17. Since 2010, Plaintiff has expended well over two million dollars ($2,000,000) in advertising and marketing its BUTTER wine, including direct marketing, promotions, sponsorships, wine tastings, catalog and print advertisements, website production, and point of sale materials.

18. In 2015 and 2016, Plaintiff was a primary sponsor of the BottleRock Napa Valley music festival where the BUTTER brand was prominently featured and seen, collectively, by over two hundred thousand (200,000) festival goers.

19. Plaintiff's BUTTER wine received an 87 point score in the *Wine Spectator* for its 2011 vintage, was awarded a silver medal at the 2016 San Francisco Chronicle International Wine Competition and received a #1 ranking from wine professionals in the Judgment of Oakland at the 2016 Oakland Wine Festival.

20. As evidenced by Plaintiff's sales and accolades for the BUTTER wine, Plaintiff owns extremely valuable goodwill in its BUTTER Mark and the mark has extraordinary financial value.

21. As a result of the wide, continuous advertising and distribution of Plaintiff's BUTTER wine since as early as 2010, the BUTTER Mark has also acquired distinctiveness among wine consumers.

22. Upon information and belief, Rubin does business under the trade name Rubin Vineyards and Winery and produces, among other varietals, a Chardonnay wine under the mark BUTTERY BARB.

23. Upon information and belief, Purple does business under the trade name Purple Wine and Spirits and produces branded wines as well as custom and private label wines for major U.S. and international retailers and restaurateurs.

///

24. Upon information and belief, Rubin's BUTTERY BARB wine is produced and bottled by Purple within this judicial district as the back label of Rubin's BUTTERY BARB wine states "vinted and bottled by Rubin Vineyards and Winery, Graton, CA" indicating Rubin has the wine produced in Graton, California.

25. Rubin filed U.S. Trademark Application Serial No. 86/921,711 for the mark BUTTERY BARB for wine in International Class 33 on February 26, 2016 (the "BUTTERY BARB Application"), well after Plaintiff established its rights in the mark BUTTER. The BUTTERY BARB Application was filed based upon Rubin's intent to use the mark in commerce, not actual use of the mark at the time of filing.

26. The BUTTERY BARB Application was published for opposition by the Trademark Office on July 26, 2016 and Plaintiff has filed an Opposition against such trademark application in the USPTO Trademark Trial and Appeals Board.

27. Rubin also filed U.S. Trademark Application Serial No. 87/020,197 for the mark BUTTERY BABS for wine in International Class 33 on April 29, 2016 (the "BUTTERY BABS Application"), well after Plaintiff established its rights in the mark BUTTER. The BUTTERY BABS Application was filed based upon Rubin's intent to use the mark in commerce, not actual use of the mark at the time of filing.

28. The BUTTERY BABS Application was published for opposition by the Trademark Office on August 2, 2016 and Plaintiff has filed an Opposition against such trademark application in the USPTO Trademark Trial and Appeals Board.

29. On November 21, 2016, Plaintiff learned that a Certificate of Label Approval ("COLA") was issued by the U.S. Alcohol and Tobacco Tax and Trade Bureau ("TTB") to Purple on November 15, 2016 for a Chardonnay wine produced from California grapes featuring the mark BUTTERY BARB (COLA TTB ID No. 16313001000499). The issuance of a COLA by the TTB is a legal prerequisite for the release of a wine into U.S. commerce. The label proof submitted in connection with the COLA application states "vinted and bottled by Rubin Vineyards and Winery, Graton, CA," and upon information and belief, Purple obtained this COLA at the

1     direction of Rubin.

2 30. On November 22, 2016, Plaintiff's counsel sent Rubin's counsel, Anne H. Hocking, Esq. of Donahue Fitzgerald LLP, a demand letter requesting that Rubin not use the BUTTERY BARB mark on the basis that it infringed Plaintiff's incontestable BUTTTER Mark. On November 23, 2016, Rubin's counsel acknowledged receipt of such letter, but has not provided a substantive response.

31. On November 22, 2016, Plaintiff's counsel forwarded the November 22, 2016 demand letter to Purple's counsel, Kit L. Knudsen, Esq., at Commins & Knudsen, PC, and requested that Purple refrain from producing the BUTTERY BARB branded wine. Purple acknowledged receipt of the letter, advised that it may be indemnified by Rubin and did not substantively respond to the letter.

32. On December 5, 2016, Plaintiff's counsel followed up with Rubin's counsel by email to see if Rubin intended to respond to Plaintiff's November 22, 2016 demand letter. Rubin's counsel never responded to such email.

33. On January 10, 2017, Plaintiff's counsel provided Rubin's counsel with a draft of this complaint by email and advised Rubin's counsel that it would file the complaint on January 13, 2017 unless Rubin confirmed that it would cease use of the BUTTERY BARB mark. Rubin's counsel responded and stated that Rubin has not yet used the BUTTERY BARB mark in commerce so Plaintiff could not file suit. Plaintiff's counsel advised Rubin's counsel that if she provided written confirmation that Rubin would not be producing the BUTTERY BARB wine or using the BUTTERY BARB mark Plaintiff would not file the complaint. Rubin's counsel did not provide the requested written confirmation and did not respond to Plaintiff's counsel's request.

34. Upon information and belief, and as evidenced by Defendants' failure to respond to Plaintiff's demand, Defendants have used the BUTTERY BARB mark in commerce or such use is imminent.

35. Defendants' adoption and/or use of the BUTTERY BARB mark in commerce is subsequent to Plaintiff's adoption, use and registration of its BUTTER Mark.

COMPLAINT                  6

36. Defendants' BUTTERY BARB mark is confusingly similar to Plaintiff's BUTTER Mark, given that the marks are similar in sight and sound, start with the same dominant term "BUTTER," utilize the same color combination on the labeling (e.g. yellow and black) and are used on the identical goods, namely, Chardonnay produced from California grapes.

37. Use of the BUTTERY BARB mark by Defendants is likely to confuse consumers into believing that Defendants' BUTTERY BARB wine is affiliated with, associated with, connected to, or sponsored by Plaintiff and its popular BUTTER wine, and Defendants will unjustly benefit from such association.

38. Defendants' infringing use of the mark BUTTERY BARB has and will continue to unjustly increase the profitability of Defendants' BUTTERY BARB brand to the detriment of Plaintiff and at no cost to Defendants.

39. Plaintiff will be further harmed as consumers will purchase the BUTTERY BARB wine believing it to be affiliated with, associated with, connected to, or sponsored by Plaintiff and thereby forego purchase of the BUTTER wine, resulting in loss of sales to Plaintiff from Defendants' unfair competition.

40. Defendants' continued infringing use of the confusingly similar BUTTERY BARB mark will financially harm Plaintiff by diminishing the value of Plaintiff's BUTTER Mark.

41. Defendants' continued use of the BUTTERY BARB mark will also diminish the value of Plaintiff's BUTTER Mark and endanger the ability of Plaintiff's BUTTER Mark to serve as a unique and distinctive source indicator for Plaintiff and/or Plaintiff's goods.

42. Unless restrained by this Court, Defendants will continue to unfairly compete with Plaintiff by using the BUTTERY BARB mark, wherefore Plaintiff is without adequate remedy at law.

43. This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees, and Defendants' conduct further entitles Plaintiff to punitive damages.

///

## FIRST CAUSE OF ACTION

(Federal Trademark Infringement under 15 U.S.C. §1114)

44. Plaintiff restates and reavers the allegations of Paragraphs 1 through 43, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

45. Defendants' above-averred actions constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution or advertising of goods or services on or in connection with which such use is likely to cause consumer confusion, deception or mistake as to source, sponsorship or approval of the Defendants' aforesaid goods or services in violation of 15 U.S.C. §1114.

## SECOND CAUSE OF ACTION

(Federal Unfair Competition under 15 U.S.C. §1125(a))

46. Plaintiff restates and reavers the allegations of Paragraphs 1 through 45, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

47. The Defendants' above-averred actions constitute use in commerce of a word, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendants with Plaintiff or as to the origin, sponsorship or approval of the goods offered in connection therewith in violation of 15 U.S.C. §1125(a).

## THIRD CAUSE OF ACTION

(State Unfair Competition under Cal. Bus. & Prof. Code §17200)

48. Plaintiff restates and reavers the allegations of Paragraphs 1 through 47, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

49. The Defendants' above-averred actions constitute unlawful, unfair or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code §17200.

## FOURTH CAUSE OF ACTION

(False or Misleading Statements under Cal. Bus. & Prof. Code §17500)

50. Plaintiff restates and reavers the allegations of Paragraphs 1 through 49, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

51. The Defendants' above-averred actions constitute the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code §17500.

## FIFTH CAUSE OF ACTION

(Common Law Trademark Infringement)

52. Plaintiff restates and reavers the allegations of Paragraphs 1 through 51, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

53. The Defendants' above-averred actions constitute trademark infringement and passing off in violation of the common law of California.

## SIXTH CAUSE OF ACTION

(Common Law Unfair Competition)

54. Plaintiff restates and reavers the allegations of Paragraphs 1 through 53, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

55. The Defendants' above-averred actions constitute a false designation of origin in violation of the common law of California.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1. That Defendants, their principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies,

COMPLAINT 9

attorneys and representatives and all of those in privity with or acting under their direction and/or pursuant to their control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

a. Using the mark BUTTERY BARB, or any term or mark confusingly similar to the BUTTER Mark, in connection with the advertisement, promotion, distribution, offering for sale or selling of alcohol beverages, or products or services related to alcohol beverages;

b. Performing any acts or using any trademarks, names, words, images or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and Defendants are one in the same or are in some way connected or that Plaintiff is a sponsor of Defendants or that the goods of Defendants originate with Plaintiff or are likely to lead the trade or public to associate Defendants with Plaintiff;

2. That Defendants be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief;

3. That Defendants, their principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under their direction and/or pursuant to their control, be required to deliver up for destruction all advertising, promotional materials, point of sale materials, labels, caps, corks, neckers, packaging, and any other materials bearing the infringing mark together with all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

4. That Defendants be ordered to recall infringing BUTTERY BARB wine in the marketplace from retailers;

5. That Defendants be ordered to pay Plaintiff monetary damages for the harm resulting from infringement of Plaintiff's mark, in an amount to be determined at trial;

6. That Plaintiff's damages be trebled and that Defendants be order to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case;

7. That Plaintiff be awarded punitive damages as a result of Defendants' conduct;

8. That Plaintiff have such other and further relief as this Court shall deem just and proper on the merits.

Dated: January 13, 2017                    Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By: _____
J. Scott Gerien
Joy L. Durand

1455 First Street, Suite 301
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
JaM Cellars, Inc.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby requests a trial by jury in this matter.

Dated: January 13, 2017

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By J. Scott Gerien
    Joy L. Durand

1455 First Street, Suite 301
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
JaM Cellars, Inc.

COMPLAINT        12